ZACHARIAH PEAK *et al.*, plaintiffs in error, *vs.* C. T. COG-BORN, defendant in error.

Where possession of a horse was obtained by a fraudulent trick, a possessory warrant is the proper remedy to recover the same; and that the consent of the plaintiff in the warrant was obtained to such possession, under the circumstances of this case, will not justify the retention of the possession by the defendants.

Possessory warrant.    Before Judge KNIGHT.    Milton Superior Court.    August Term, 1873.

For the facts of this case, see the decision.

H. L. PATTERSON, for plaintiffs in error.

G. M. HOOK, by W. P. PRICE, for defendant.

WARNER, Chief Justice.

It appears from the evidence in the record that Cogborn had swapped a mule for a horse with Peak, that the mule was levied on to satisfy an execution against a third party who previously owned the mule.   Peak called Cogborn out of his father's field and said to him that Smith, the bailiff, had levied on the mule he got from him, and the bailiff told him that he must go and get the horse back that he had got from him. Cogborn asked Peak what he would do if he gave his horse up.   Peak told him he only wanted to change for a day or two, and then he, Cogborn, would get his horse back.   Cogborn then went to the house, where he found Lindsay Peak and Tucker, who told him the same thing.   Cogborn then got his bridle, put it on the horse, and delivered him to Zacha-

riah Peak with this understanding. Cook testified that he came up about the time Peak was leaving with the horse; that Cogborn told him that if he was going to plow the horse any before he brought him back, to come over and get his plow-gear, as he did not want the horse's shoulders hurt. Peak did not return the horse, and Cogborn sued out a possessory warrant to recover the possession of him. On the trial of the possessory warrant before the Justice, a motion was made to dismiss it, which was overruled, and after hearing the evidence the Justice awarded the possession of the horse to Cogburn. Peak sued out a writ of *certiorari* to the Superior Court, on the hearing of which the Court dismissed the same; whereupon the plaintiff in *certiorari* excepted. In our judgment there was no error in dismissing the *certiorari* and affirming the decision of the Justice. The statute declares that when a personal chattel has been taken or carried away from the possession of the party complaining, by fraud, violence, seduction, or *other means*, without lawful warrant or authority, it shall be restored to the party from whose possession it was so fraudulently taken. It is quite apparent, from the evidence in this case, that the plaintiff in *certiorari* obtained the possession of the horse by a *fraudulent trick*, which the law will not sanction, and the consent of the defendant, under the facts of the case, will not justify him in retaining that possession.

Let the judgment of the Court below be affirmed.