## ODOM *vs.* TRANTHAM.

1. It appears that plaintiff lent the machine to the defendant without any fraudulent misrepresentation by the latter. If so, a possessory warrant would not lie for it.

2. The warrant in this case seems to have been sued out under the second clause of section 4032 of the code, and affiant seems to have relied upon the fact that the machine had "been recently in her possession, and had been taken possession of by defendant under some pretended claim without lawful warrant or authority," etc.; but the affiant failed to state, in accordance with this clause, that the machine "had disappeared without her consent"; and it further appears from her testimony that she could not truthfully so state in her affidavit. It was not error, therefore, to hold that the warrant was void, and that no valid judgment could be pronounced upon it. *Peak vs. Cogborn,* 50 *Ga.* 562, cited and distinguished.

December 22, 1888.

Possessory warrant. Fraudulent taking. Consent. Before Judge HARRIS. Campbell Superior court. September term, 1888.

Reported in the decision.

THOMAS W. LATHAM, for plaintiff.

ROAN & GOLIGHTLY, by J. A. ANDERSON, for defendant.

SIMMONS, Justice.

1. We think that the judgment of the magistrate was right, under the facts disclosed in the record of this case. The evidence shows that plaintiff lent the machine to the defendant without any fraudulent misrepresentation by the latter. If she thus lent it, of course it had not been "taken, enticed or carried away, either by fraud, violence, seduction or other means," from her possession, but she voluntarily parted with the possession of it, and placed it in the hands of the defendant;

and under this state of facts, a possessory warrant will not lie, and the magistrate was right in so holding.

2. But it is said that the judge of the superior court overruled the *certiorari* upon a different ground, to wit, that she did not charge, in her affidavit to obtain the warrant, that the machine had "disappeared without her consent." We think that if that was the ground the judge below put his judgment on, he was right in that also. The warrant seems to have been sued out under the second clause of section 4032 of the code. She did not rely on the first clause of the section, and charge that the machine had been taken and carried away by fraud, violence, etc.; but she relied upon the fact that it had "been recently in her possession, and had been taken possession of by defendant under some pretended claim, without lawful warrant or authority," and that she claimed title to the machine. She failed to state, in accordance with this clause of the section that the machine had "disappeared without her consent." We suppose, from what she testified to before the magistrate, that she could not truthfully make that part of the affidavit as required by the statute, because the machine had not disappeared without her consent, she having loaned it to the defendant. We therefore think that the judge of the superior court was right in holding that the warrant was void, and that no valid judgment could be pronounced upon it.

The case of *Peak vs. Cogborn,* 50 *Ga.* 562, relied upon by the plaintiff in error, is entirely different in its facts from the case under consideration. In that case, Peak got the horse from Cogborn by wilful misrepresentation, and by telling Cogborn that he only wanted to change horses for a day or two, and promised to return Cogborn's horse to him. After thus getting possession of the horse, Peak refused to return it to Cogborn; and

this court held that he obtained it by a fraudulent trick, and that under the first clause of the above quoted section of the code, a possessory warrant would lie.

Judgment affirmed.